IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BILLY B. RYKARD,     *

    Plaintiff,     *

vs.     CASE NO. 4:08-CV-74 (CDL)

    *

FEDEX GROUND PACKAGE SYSTEM,     *
INC.,
    *
    Defendant.
    *

## O R D E R

In this case, Plaintiff asserts state law claims for bailment, conversion, respondeat superior, and punitive damages arising from Defendant's alleged loss of Plaintiff's package. Presently pending before the Court are Defendant's Motion to Dismiss (Doc. 3) and Plaintiff's Motion to Amend (Doc. 12). For the following reasons, the Court grants Defendant's Motion to Dismiss as to Plaintiff's state law claims, lifts the stay of discovery, and grants Plaintiff's Motion to Amend.

## BACKGROUND

On February 6, 2008, Plaintiff entrusted a package to an employee-driver of Defendant. (Compl. ¶ 4.) At the time Plaintiff entrusted the package, the employee-driver was attired in a FedEx uniform. (*Id.* ¶ 6.) The employee-driver logged the package under

1

tracking number 997331900020438. (Ex. A to Def.'s Mot. to Dismiss.) The package entrusted to Defendant's employee-driver contained rare coins with a value of $77,380. (Ex. A to Compl.) At some point in time after its tender on February 6, 2008, it was discovered that the package could no longer be tracked. A search ensued, but the package of rare coins was never recovered.

On May 15, 2008, Plaintiff filed suit against Defendant in the Superior Court of Muscogee County, alleging state law claims of bailment, conversion, respondeat superior, and punitive damages. (Compl. ¶¶ 12-17.) Defendant filed a Notice of Removal on June 5, 2008. (*See* Def.'s Notice of Removal.) The parties filed a Motion Seeking Stay of Discovery, which was granted on July 8, 2008, pending the resolution of Defendant's Motion to Dismiss. (*See* Consent Mot. Seeking Stay of Disc.) Presently pending before the Court are Defendant's Motion to Dismiss, filed on June 6, 2008, and Plaintiff's Motion to Amend, filed on July 7, 2008.

DISCUSSION

**I. Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (per curiam). In reviewing a motion to dismiss under Rule

12(b)(6), a court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).

"Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims. *Id.* at 1295, 1296 (quoting *Twombly*, 127 S. Ct. at 1965) (internal quotation marks omitted).

Defendant contends that Plaintiff's state law claims are preempted by the Carmack Amendment. *See* 49 U.S.C. § 14706. Plaintiff contends that the Carmack Amendment is not applicable in this case. Defendant's Motion to Dismiss is granted because the Carmack Amendment clearly preempts Plaintiff's state law bailment, conversion, respondeat superior, and punitive damage claims.

"The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce." *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1246 (11th Cir. 2002); *see* 49 U.S.C. § 14706. "To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the

3

transportation and delivery of goods." *Smith*, 296 F.3d at 1246. The United States Supreme Court has noted that the preemptive effect of the Carmack Amendment is very broad: the Carmack Amendment embraces "all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation[.]" *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916).

The facts in this case are very similar to the facts in the *Smith* case. In *Smith*, the plaintiffs brought state claims against the defendant, alleging fraud, negligence, wantonness, and outrage based on the defendant's failure in the transportation and delivery of goods. 296 F.3d at 1245. The Eleventh Circuit held that the state law claims were preempted by the Carmack Amendment because the claims arose from the alleged loss and misdelivery of the goods. *Id.* at 1249. The Eleventh Circuit noted that there may be situations in which the Carmack Amendment does not preempt state law claims, but it stressed that "separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment." *Id.*

Here, Plaintiff's bailment, conversion, respondeat superior, and punitive damage state law claims arose directly from Defendant's alleged failure in the transportation and delivery of Plaintiff's property. (*See* Compl. ¶¶ 12-17.) Plaintiff has failed to allege any facts that demonstrate that his state law claims arose separately and distinctively from Defendant's conduct, and the Court is hard-pressed

4

to find them. Thus, Plaintiff's state law claims are preempted by the Carmack Amendment, and accordingly, Defendant's Motion to Dismiss as to Plaintiff's state law claims is hereby granted.

**II. Motion for Leave to File Amended Complaint**

Plaintiff seeks leave to file an amended complaint which would assert a count under the federal Carmack Amendment. *See* 49 U.S.C. § 14706. The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading[.]" Fed. R. Civ. P. 15(a)(1). After a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A "court should freely give leave when justice so requires." *Id.* "[T]rial courts have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006).

Plaintiff's Complaint was filed in the Superior Court of Muscogee County on May 15, 2008. (*See* Compl.) Defendant's Answer was filed in the Superior Court of Muscogee County on June 5, 2008. (*See* Def.'s Answer.) Therefore, because an answer has already been filed and Defendant has not provided written consent, Plaintiff may only amend his Complaint with the Court's leave.

Plaintiff's Motion to Amend his Complaint was filed on July 7, 2008 less than sixty days after Plaintiff filed his original

complaint. The Court observes that no discovery has been conducted, Plaintiff promptly filed his motion to amend, and his amended complaint is based upon the same conduct alleged in his original complaint. Therefore, the Court finds that Plaintiff should be permitted to amend his Complaint. Accordingly, Plaintiff's Motion to Amend is hereby granted.

In addition, the Court lifts the stay of discovery imposed by the Court's text-only Order on July 8, 2008.

## CONCLUSION

In summary, the Court rules as follows:

(1) Defendant's Motion to Dismiss (Doc. 3) is granted as to Plaintiff's state law bailment, conversion, respondeat superior, and punitive damage claims.

(2) The stay of discovery ordered on July 8, 2008 is lifted.

(3) Plaintiff's Motion to Amend his Complaint (Doc. 12) to assert a count under the federal Carmack Amendment is granted.

IT IS SO ORDERED, this 26th day of August, 2008.

                                              S/Clay D. Land
                                                CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE