```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

BILLY B. RYKARD,                     *

     Plaintiff,                      *

vs.                                  *     CASE NO. 4:08-CV-74 (CDL)

FEDEX GROUND PACKAGE SYSTEM,         *
INC., d/b/a FedEx Ground, and
AARON RICHARDSON,                    *

     Defendants.                     *
                                     *
```

O R D E R

Defendants FedEx Ground Package System, Inc. ("FedEx Ground") and Aaron Richardson ("Richardson") allegedly lost Plaintiff's rare coins during Plaintiff's attempted shipment of them to Columbia Collectibles, LTD ("Columbia") in Patchogue, New York. Plaintiff seeks to recover for the loss of his coins from FedEx Ground pursuant to the federal Carmack Amendment, 49 U.S.C. § 14706, and from Richardson under Georgia law for the loss of bailed property and conversion. Richardson asserts a cross-claim against FedEx Ground, contending that FedEx Ground is the proper party responsible for any loss suffered by Plaintiff. FedEx Ground seeks summary judgment as to Plaintiff's Carmack Amendment claim (Doc. 41) and Richardson's cross-claim (Doc. 42). For the following reasons, these motions are granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Richardson, and

therefore, this action is remanded to the Superior Court of Muscogee County, Georgia for the resolution of those claims.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND[2]

On February 6, 2008, Plaintiff tendered a package of rare coins to FedEx Home Delivery ("FHD") for shipment from Midland, Georgia to

---

[1] Plaintiff's Complaint was originally brought in the Superior Court of Muscogee County, Georgia, but was subsequently removed to this Court.

[2] Neither Plaintiff nor Richardson responded to FedEx Ground's Statement of Undisputed Material Facts. Therefore, pursuant to the Court's local rules, these statements are deemed admitted. M.D. Ga. R. 56. Notwithstanding these admissions, the Court understands its duty to "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact[,] *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (internal quotation marks omitted), and the Court has done so.

Columbia in Patchogue, New York. (Pl.'s Dep. 13:10-17:25, Aug. 24, 2009.) The package was allegedly picked up by Jeremy Hundley, an employee of Richardson. (Richardson Dep. 30:17-25, Aug. 25, 2009.) Richardson, an independent contractor for FHD, (*id.* at 10:12-22, 11:9-18, 16:7-17:5), operated pursuant to the FHD Standard Contractor Operating Agreement ("COA"), which was in effect at the time of the February 6, 2008 pickup (*id.* at 68:17-70:20; *see* Bridwell Decl. ¶ 10).

Columbia made all of the arrangements with FHD for the pickup and shipping of the package (Pl.'s Dep. 13:22-14:2), and under the terms of the FedEx Ground 200-U Tariff, which governed this interstate shipment and was in effect at the time of the February 6, 2008 pickup (Bridwell Decl. ¶¶ 4-5; *see generally* Ex. 4 to Bridwell Decl., FedEx Ground 200-U Tariff [hereinafter Tariff]), the "[u]se of [a shipper's] account number constitute[d] [the shipper's] agreement that all packages shipped by [FedEx Ground] shall be subject to th[e] tariff, as modified, amended, or supplemented" (Tariff 156). Plaintiff packaged the shipment in a taped DHL box, instead of a FedEx package, prior to its pickup by Hundley. (Pl.'s Dep. 14:25-16:5.) At some point after Plaintiff's shipment was tendered to Hundley, the package could no longer be tracked, and the shipment and its contents were never recovered.

Under the terms of the Tariff, a shipper was prohibited from tendering, among other things, "[m]oney, cash, currency," and

3

"[c]ollectible coins" (Tariff 165).  Furthermore, the Tariff provided that FedEx Ground would "not be liable for delay of, loss of, or damage to a shipment of any prohibited item." (*Id.* at 166.)  Neither Columbia nor Plaintiff informed FedEx Ground or FHD that the package contained coins.[3]  (*See* Pl.'s Dep. 34:4-35:1, 42:7-19.)  The Tariff also provided that FedEx Ground would not be liable for losses attributable to "the improper . . . packing, securing, marking, and labeling of shipments[.]" (Tariff 162.)  FedEx Ground contends that it has no liability to Plaintiff because the attempted shipment of the rare coins was a prohibited shipment under the applicable Tariff and because Plaintiff also violated the shipment conditions by attempting to ship the coins in a DHL taped box.

FedEx Ground maintains that it has no liability to Richardson on his cross-claim because its COA with Richardson places all legal responsibility upon Richardson.  In that agreement, Richardson agreed to

> [i]ndemnify FedEx Home Delivery for, and hold FedEx Home Delivery harmless from, any liability and claims by Contractor or any third party, including, but not limited to, any persons utilized by Contractor or governmental entities, arising from Contractor's use or employment of any other person(s) in the performance of Contractor's obligations, including, but not limited to, claims or liabilities arising under industrial accident prevention, workers' compensation, or similar laws or any federal,

---

[3]Columbia had notice that FedEx considered cash, currency, and collectible coins "prohibited items" and would not honor claims for the loss of such items.  (Ex. 6 to Bridwell Decl., Letter from FedEx Cargo Claims Agent to Columbia Collectibles, LTD, Mar. 16, 2005; *see also* Bridwell Decl. ¶ 12; Witt Dep. 80:6-81:12.)

4

>     state, or municipal laws applicable to the relationship
>     between and among employers and employees.

(Ex. 5 to Bridwell Decl., Addendum 10 to FHD Standard Contractor Operating Agreement, Compliance Disclosure [hereinafter COA Addendum].) Richardson acknowledged that the COA Addendum applied to him and that he was bound by its terms. (Richardson Dep. 68:17-70:20.)

## DISCUSSION

**I.   The Carmack Amendment**

The Carmack Amendment imposes absolute liability upon carriers for the value of goods lost or damaged during shipment, but permits carriers to limit their liability pursuant to 49 U.S.C. § 14706(c)(1)(A).[4]  Here, FedEx Ground incorporated its limitations of liability within the Tariff, which expressly provided that "[m]oney, cash, currency," and "[c]ollectible coins" were "prohibited items" and that FedEx Ground would "not be liable for delay of, loss of, or damage to a shipment of any prohibited item." (Tariff 165-66.) The Tariff further provided that FedEx Ground would not be liable for a "shipper's violation of any of the terms and

---

[4] 42 U.S.C. § 14706(c)(1)(A) provides in part,

> [A] carrier providing transportation or service . . . may . . . establish rates for the transportation of property . . . under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.

5

conditions contained in th[e] tariff . . . including, but not limited to, the improper . . . packing, securing, marking and labeling of shipments[.]" (*Id.* at 162.)

Plaintiff contends that he is not bound by these liability limitations because he never entered into a shipping contract with FedEx Ground. (Pl.'s Resp. in Opp'n to FedEx Ground's Mot. for Summ. J. 4-6.) Columbia did, however, enter into a shipping contract with FedEx Ground by using its account number and arranging for the pickup. (Tariff 156.) Therefore, as a beneficiary of the Columbia-FedEx Ground shipping contract, Plaintiff's rights were also limited by the terms and conditions of the Tariff. *Werner Enters., Inc. v. Westwind Mar. Int'l, Inc.*, 554 F.3d 1319, 1323-24 (11th Cir. 2009) ("'When an intermediary contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the intermediary and carrier agreed.'" (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 33 (2004)).

In this case, Plaintiff attempted to ship a prohibited item without disclosing the shipment's contents to FedEx Ground. Plaintiff also improperly packaged the shipment in a DHL box. By these actions, Plaintiff violated the terms of the liability limitations in the Tariff. Therefore, Plaintiff cannot recover for any damages sustained as a result of the alleged lost package of rare coins. *Cf., e.g., Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 929-31 (5th Cir. 1997) (affirming district court's finding that

6

shipper could not recover damages for lost jewelry because jewelry was prohibited item under provisions of shipping contract). Accordingly, Plaintiff's claim under the Carmack Amendment fails as a matter of law, and FedEx Ground is entitled to summary judgment as to this claim.

## II. Contractual Indemnity

Richardson alleges that FedEx Ground "is the proper party responsible for any loss or damage suffered or sustained by the Plaintiff," and therefore brings a cross-claim against FedEx Ground. (Richardson's Answer, Defenses, & Cross-cl. ¶¶ 9-14.) As noted previously, Richardson expressly agreed and contracted to "[i]ndemnify FedEx Home Delivery for, and hold FedEx Home Delivery harmless from, any liability and claims by Contractor or any third party . . . arising from Contractor's use or employment of any other person(s) in the performance of Contractor's obligations[.]" (COA Addendum; *see also* Richardson Dep. 68:17-70:20 (admitting that under COA Addendum, Richardson agreed to indemnify FedEx Home Delivery for Hundley's actions in performance of Richardson's obligations on February 6, 2008).) Therefore, it is nonsensical to suggest that FedEx Ground could somehow be liable to Richardson for a claim that Richardson would ultimately be required to answer for on behalf of FedEx Ground. Richardson's cross-claim fails as a matter of law. Accordingly, FedEx Ground's motion for summary judgment as to this claim is granted.

7

CONCLUSION

As discussed above, the Court finds that Plaintiff's claim under the Carmack Amendment, as well as Richardson's cross-claim, fail as a matter of law. Accordingly, the Court grants (1) FedEx Ground's Motion for Summary Judgment as to Plaintiff's claim under the Carmack Amendment (Doc. 41), and (2) FedEx Ground's Motion for Summary Judgment as to Richardson's Cross-Claim (Doc. 42). These rulings dispose of all of Plaintiff's claims against FedEx Ground, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Richardson. Therefore, this action is remanded to the Superior Court of Muscogee County, Georgia for the disposition of Plaintiff's state law claims against Richardson.

IT IS SO ORDERED, this 9th day of February, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE